**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2300
_____

GERARD BORNEMANN, III,
Appellant

v.

ATLANTIC COUNTY DEPARTMENT OF PUBLIC SAFETY; MICHAEL FEDORKO;
ATLANTIC COUNTY JUSTICE FACILITY; WARDEN DAVID KELSEY;
COUNTY OF ATLANTIC, also known as ATLANTIC COUNTY, NEW JERSEY;
ATLANTIC COUNTY JAIL AND DIVISION OF ADULT DETENTION;
GERARD L. GORMLEY JUSTICE FACILITY, also known as ATLANTIC COUNTY
JUSTICE FACILITY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:22-cv-03562)
Chief District Judge: Honorable Renée M. Bumb

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 29, 2025

Before: KRAUSE, BIBAS, and MONTGOMERY-REEVES, *Circuit Judges*

(Filed: April 29, 2025)

_____

OPINION*

_____

_____

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

BIBAS, *Circuit Judge*.

Gerard Bornemann was arrested for aggravated assault and jailed at the Atlantic County Justice Facility from 2020 through early 2022. While there, he disobeyed orders, fought with inmates and staff, and smeared urine and feces on the walls. Throughout the second half of 2020, the jail strapped and shackled Bornemann to a chair or a bed for days or weeks at a time, allegedly even when he was calm.

Bornemann sued the jail and various officials in federal court for violating his rights under the U.S. and New Jersey constitutions. Under the Prison Litigation Reform Act (PLRA), prisoners must exhaust their administrative remedies before they may challenge conditions of their confinement under federal law. 42 U.S.C. § 1997e(a). The District Court found that Bornemann had not exhausted his administrative remedies before bringing this suit. Though he had previously filed many other grievances, he never filed an inmate-grievance form complaining about these restraints. So the court granted summary judgment to defendants.

Bornemann now appeals. We defer to the District Court's factual findings about exhaustion, reviewing them only for clear error. *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 304 (3d Cir. 2020).

We start with which remedies were "available" to Bornemann, because the PLRA requires prisoners to exhaust only those. *Id.*; *Ross v. Blake*, 578 U.S. 632, 638 (2016). Bornemann concedes that the jail had a grievance procedure and that he did not use it to challenge being put in restraints. But he argues that he was restrained pursuant to memos that the jail never told him about. So he says he could not file a grievance about memos that he did not

2

know existed, and thus the grievance process was not available to him. But his lawsuit is not about the memos. It is about being put in restraints for days at a time, allegedly without justification. And he certainly knew that he had been restrained and could have filed a grievance about it afterwards, making this administrative remedy available. Because he did not exhaust that remedy, we will affirm.

We note that Bornemann brought not only federal claims but also ones under New Jersey law. And it is not clear that the PLRA's exhaustion requirement applies to state-law claims. 42 U.S.C. § 1997e(a) (barring action "brought … under Federal law" when prisoner has not exhausted available administrative remedies). But Bornemann does not challenge the District Court's ruling on those grounds, so we do not reach that issue.